NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

MIKE KULICK, PETITIONER, v. E. I. DU PONT DE NEMOURS AND COMPANY, RESPONDENT.

**Alleged Permanent Injury to Toe and Back Through Contact With a Falling Carboy—Respondent Claims Injury was Temporary Only, Which was Treated in Respondent's Hospital, and That Petitioner Returned to Work For Several Weeks— Held, That it is Not Shown That Permanent Injury was Received During the Course of Employment.**

On determination of facts and judgment.

For the petitioner, *Max Kummell* and *David Roskein.*

For the respondent, *Abel Klaw.*

The facts in this case show that the petitioner, Mike Kulick, was in the employ of the respondent on January 13th, 1926, at the respondent's plant, located at 256 Vanderpool street, Newark, New Jersey, at the rate of twenty-five dollars and eighty cents ($25.80) per week; that from the petitioner's testimony he sustained an accidental injury on January 13th, 1926, resulting from the falling of a carboy which he was handling in the course of his employment; that he immediately went to the plant hospital where he received first aid treatment and then returned to work.

That he received medical treatment on the day following the injury, and on January 15th, 1926; that he continued to work for the respondent until April 6th, 1926, when on account of his injuries he was compelled to cease work.

The petitioner testified that as a result of the injury he sustained a permanent disability to the great toe of his left foot and a sacro-illiac strain; that the injury to his back resulting from a wrenched back which followed his attempt to avoid being hit by the carboy.

The petitioner produced medical testimony tending to substantiate his contention that he is at present suffering from a sacro-illiac strain, and that the condition is directly traceable to the accident.

The respondent did not deny the occurrence of the accident, but contended that the same resulted merely in an injury to the petitioner's great toe of his left foot.

Physicians produced by the petitioner estimated his present permanent disability to be twenty per cent. of total permanent.

The petitioner then rested his case.

The respondent produced the supervisor and subsupervisor under whom the petitioner worked, who testified that the injury resulted merely in a laceration of the great toe of the petitioner's left foot, and respondent also produced the records from the plant indicating that the petitioner had worked from the date of the accident until April 6th, 1926, without any complaint as to an injury to his back. The respondent also produced several physicians who testified that in their opinion the petitioner has suffered no permanent disability

as a result of the accident, and an X-ray expert produced by the respondent testified that he had made X-ray plates of the petitioner and could find no disability disclosed therein.

After considering all of the testimony presented in the case, I have come to the conclusion that the petitioner could not have sustained an injury to his back in the manner in which he has described the occurrence of the accident, and I am very satisfied, from the medical testimony, that the petitioner is not at this time suffering from any disability resulting from the accident. The respondent offered in evidence a statement signed by the petitioner in which he made application for an informal hearing before this bureau prior to May 11th, 1926, wherein no claim is made for an injury to the petitioner's back.

The petitioner has failed to satisfy me that he received an injury to his back while in the course of his employment with the respondent, and has failed to satisfy me that he has any permanent disability resulting from the accident.

\*      \*      \*      \*      \*      \*      \*      \*

HARRY J. GOAS,
*Deputy Commissioner.*